# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| GRADY R. WILLIAMS, JR, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV415-085 |
| OGEECHEE JUDICIAL CIRCUIT OF EFFINGHAM COUNTY; *ET AL.*, | ) ) ) | |
| Defendants. | ) ) | |

## REPORT AND RECOMMENDATION

Plaintiff Grady R. Williams, Jr, who is proceeding *in forma pauperis* ("IFP"), has filed a 42 U.S.C. § 1983 complaint seeking damages from virtually everyone -- even the court itself -- involved in a state criminal prosecution against him. Doc. 1. His complaint must be dismissed because he has struck out under 28 U.S.C. § 1915(g) and is thus prohibited from proceeding IFP without showing that he is in imminent danger of serious physical injury.

Plaintiffs are generally required to pay a filing fee in order to institute a civil action in a federal district court. 28 U.S.C. § 1914. Indigent prisoners may avoid *prepayment* of the filing fee under 28 U.S.C.

§ 1915. In order to proceed IFP, however, they must surmount § 1915(g), which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). A prisoner barred from proceeding IFP due to the three strikes provision in § 1915(g) must pay the complete $350 filing fee when he initiates suit. *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). Therefore, the proper procedure for a district court faced with a prisoner who seeks IFP status but is barred by the three strikes provision is to dismiss the complaint without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

This Court's own docket and PACER reveal five 1915(g) strikes: *Williams v. Owens*, CV613-006, doc. 50 (S.D. Ga. Nov. 27, 2013) (dismissal of § 1983 case for failing to exhaust prison remedies); *Williams v. Ga. Dep't. of Corr.*, CV612-110, doc. 15 (S.D. Ga. Jan. 30, 2013) (dismissal of § 1983 case for failure to state a claim upon which relief may be granted);

*Williams v. Owens*, CV513-254, doc. 40 (M.D. Ga. Sept. 15, 2014) (dismissal of § 1983 case for failing to exhaust prison remedies), *appeal dismissed for failure to prosecute*, doc. 46 (M.D. Ga. Oct. 30, 2014); and *Williams v. Owens*, CV513-227, doc. 8 (M.D. Ga. Aug. 20, 2013) (§ 1983 case dismissal for failing to comply with procedural requirements). *See generally Boney v. Hickey*, 2014 WL 4103918 at * 4-5 (S.D. Fla. Aug. 15, 2014) (collecting examples of what constitutes a § 1915(g) strike, including lost appeals).

Williams, who is a veteran litigator (the Court has cited only a portion of his cases), otherwise fails to present specific allegations of present imminent danger that may result in serious physical harm. *Skillern v. Jackson*, 2006 WL 1687752 at *2 (S.D. Ga. June 14, 2006) (citing *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004)). Because he is barred by § 1915(g), Grady R. Williams' IFP motion (doc. 2) is **DENIED**[1] and his complaint should be **DISMISSED**.

---

[1] The Court erred in provisionally granting plaintiff's IFP motion. Doc. 3. He did not use a court-supplied form § 1983 complaint that otherwise asks him about prior case filings. Nor did he volunteer them. The Court's additional research uncovered his three-strike status. Hence, the Court **VACATES** its order (doc. 3) granting Williams' motion to proceed IFP and substitutes this Report and Recommendation in its place.

**SO REPORTED AND RECOMMENDED** this 12th day of August, 2015.

_____
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**